UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION


SUBHASH C. CHAUDHRY,            )
       Plaintiff,              )
                              )
       vs.                      )          1:07-cv-0170-LJM-JMS
                              )
NUCOR STEEL - INDIANA, and       )
NUCOR CORP.,                   )
       Defendants.              )


## ORDER ON DEFENDANTS' MOTION TO DISMISS

Plaintiff, Subhash C. Chaudhry ("Plaintiff"), complains that in June of 2003, the defendants, Nucor Steel-Indiana and Nucor Corp. (collectively, "Defendants"), increased the pay for Quality Control Inspectors ("QCI") of three of their divisions by two pay grades and all other production lines of the cold mill division.  Defendants did not increase the pay grade for the temper mill QCI, which was the position held by Plaintiff.  Plaintiff complains that the job duties for the QCI of the temper mill are greater than the job duties of those who received the raise.  Plaintiff complains further that he is made to perform more labor intensive duties than other employees sharing the same position and has been denied the opportunity to go on customer visits, which would make him elegible for a an increase in pay grade.  Finally he complains that he has repeatedly been the subject of harassing behavior to which the management is indifferent.  Plaintiff brings all of his claims against Defendants under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII").

Plaintiff acknowledges that a complainant must file a charge with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the date of any alleged discrimination.  He

maintains that the facts in this case bring him with the continuing violation exception.  Plaintiff also acknowledges that his EEOC charge does not include the harassment claim.  He urges that he is excused from this requirement because he raises the allegations in supplemental correspondence with the EEOC examiner.  In addition he maintains that the harasment claims are like or reasonably related to the other charges so that they grow out of the complaints actually included in the EEOC charge.

Defendants correctly point out that, after the *Ledbetter v. Goodyear Tire & Rubber Co.*, 127 S. Ct. 2162, 2175, __ U.S. __ (2007), opinion, the continuing violation doctrine applies only to pay systems that are "facially discriminatory."  Plaintiff does not argue that the pay system at issue here is "facially discriminatory."  Rather, the system of which he complains was based on department distinctions and is not alleged to have put him on a lower pay scale because of his race.

Defendants are correct again when they assert that Plaintiff's correspondence with the EEOC after he filed his EEOC charge does not and did not expand the scope of the original charge.  Plaintiff's correspondence is dated some four months after the filing of the charge which had not mentioned harassment.  *See Check v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994); *see also Novitsky v. Am. Consulting Eng'rs, LLC*, 196 F.3d 699, 702 (7th Cir. 1999). Moreover, Plaintiff's harassment charges are not closely related to the Charge in this case.  Harassment is a separate and distinct allegation.  For all these reasons Defendants' Motion to Dismiss is **GRANTED**.

## CONCLUSION

After consideration of the parties' arguments, the Court **GRANTS** Defendants', Nucor Steel-Indiana and Nucor Corp., Motion to Dismiss.  Plaintiff's, Subhash C. Chaudhry, claims are hereby **DISMISSED with prejudice**.  Each party to bear its own costs.

IT IS SO ORDERED this 10th day of October, 2007.

LARRY J. McKINNEY, CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronically distributed to:

Adam  Lenkowsky
ROBERTS & BISHOP
alenkowsky@roberts-bishop.com

John K. Linker
ALANIZ & SCHRAEDER LLP
jlinker@alaniz-schraeder.com

O. Mishell  Parreno
ALANIZ and SCHRAEDER, L.L.P.
mparreno@alaniz-schraeder.com